**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **Criminal No. 05-00005-001 (Erie)** |
| ) | |
| **FREDERICK WHITE, JR.,** ) | |
| Defendant. ) | |

### POSITION OF DEFENDANT WITH RESPECT TO PRE-SENTENCE REPORT

AND NOW, comes the Defendant, Frederick White, Jr., by and through counsel, Elliot J. Segel, Esquire, and files the present pleading pursuant to the Local Rules of this Court, and in support thereof avers the following:

1. On October 12, 2005, the Defendant pled guilty to the offense in the one count indictment in this case, Obtaining Possession of a Controlled Substance by Misrepresentation, Fraud, Forgery, Deception or Subterfuge.

2. At the time of his plea, this Court set May 23, 2006 as the time set for the sentencing proceeding to be held in this matter.

3. In late March, 2006, defense counsel received a copy of the Pre-Sentence Report filed in this matter by the United States Probation Office.

4. The Defendant and undersigned counsel have discussed contents of said Pre-Sentence Report, and as a result can advise this Court that the Defendant is in agreement with and thus adopts all of the findings of the Pre-Sentence Report with respect to sentencing factors in this action, including computation of the suggested United States Sentencing Guidelines, except for one.

5. The one exception concerns the "Victim Impact" factor set forth at paragraph No. 12, page 5 of the Pre-Sentence report. That segment asserts that CVS Pharmacy suffered a financial loss of $8,244.29, which was calculated as the "total *retail value* of the drugs that the defendant admitted to stealing. Specifically, Mr. White disputes that CVS is entitled to restitution in the amount of the *retail value*. Rather, the correct amount of restitution owing to CVS would be the *actual cost* to CVS of the substances Mr. White wrongfully obtained in the time period in question.

6. Defense counsel has discussed the above restitution issue with Assistant United States Attorney Christina Trabold on a few occasions, the most recent being April 5, 2006. Mr. Trabold advised that he is in agreement that the restitution amount in this case should be based upon the actual cost to CVS of the substances, and not their retail value, as asserted above by Mr. White. Mr. Trabold further advised that the Government will obtain an accounting of said actual costs for purposes of revising the restitution amount for this case prior to the May 23, 2006 sentencing proceeding.

7. Other than the above, the defendant would merely note at this time that he may be providing the Court with letters of support prior to his sentencing date, copies of which will be timely provided to the Government.

    Respectfully submitted,
    SEGEL & SOLYMOSI

By: s / Elliot J. Segel
    Elliot J. Segel, Esq.
    818 State Street
    Erie, PA 16501
    (814) 454-1500
    FAX (814) 454
    Counsel for Defendant

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct of the foregoing document was served on April 10, 2006 by U.S. First Class Mail and/or electronic court filing upon the following:

>Office of the Clerk of Courts
>United States District Court for the Western District of Pennsylvania
>Erie, PA  16501
>
>Christian Trabold, Esquire
>Assistant United States Attorney for the Western District of Pennsylvania
>Federal Courthouse
>17 South Park Row
>Room A-330
>Erie, PA  16501
>
>Stephen A. Lowers
>United States Probation Office
>17 South Park Row
>Room A-110
>Erie, PA  16501

-

s / Elliot J. Segel